[Civ. No. 7998. Second Appellate District, Division One.—December 4, 1931.]

EDWYN E. SIMONTON, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, PACIFIC EMPLOYERS INSURANCE COMPANY et al., Respondents.

Samuel J. Crawford for Petitioner.

A. I. Townsend and F. Britton McConnell for Respondents.

BISHOP, J., *pro tem.*—An injured employee is the petitioner in this proceeding, complaining of the respondent Commission's ruling that he was not entitled to the reasonable expenses incurred for medical, surgical and hospital treatment after June 10, 1930. We are of the opinion that the Commission exceeded its jurisdiction in making the ruling complained of.

On the evening of June 4th, petitioner had both his legs crushed while at work. His employer promptly sent him to the Santa Monica hospital and employed two doctors to treat him. Between the accident and June 10th, two general anaesthetics were administered to petitioner, and twice they set the bones in his legs and set his legs and body in a cast. Two or three days later, the respondent insurance carrier requested that petitioner be transferred to its hospital in Los Angeles; sending out an ambulance to effect the transfer, next day. Not only his family physician, but the doctors engaged by his employer as well, advised petitioner that it would be dangerous to his health and proper recovery to make the move, and he declined to go. A formal written request was made on him by the carrier, June 10th, that he go or forego all claim on the carrier for hospital expenses or compensation. He continued for some time under the care of the doctors first called in, and a very satisfactory recovery has been made.

The respondent Commission considered that an issue submitted to it was whether or not the transfer could have been made in safety, and because there is a conflict in the evidence touching the point, and the Commission evidently, though not expressly, found that petitioner's refusal to be transferred to the Los Angeles hospital was unreasonable, we must accept that conclusion as a fact. Building on this foundation, respondents have erected two arguments in support of the award. ▮ The first advanced by the Commission and debated by the petitioner is that the fact found justifies the denial of relief, other than that given, because of the provisions of section 11 (e) of the Workmen's Compensation, Insurance and Safety Act of 1917, p. 842 (here-

inafter called "the act"). By section 11 (e) it is declared that no compensation shall be paid an injured employee so far as the injury is continued or aggravated by an unreasonable refusal to submit to medical or surgical treatment. But in the situation under review, the injured employee did not refuse to submit to the medical and surgical treatment offered by his employer, and his injury was not continued nor aggravated by reason of any act or omission of his. Plainly, the provisions of section 11 (e) play no part in this proceeding.

To understand the other position taken, the pertinent portions of section 9 (a) of the act (Stats. 1929, p. 420) should be before us. They read as follows: "Compensation shall be furnished or paid by the employer and be as provided in the following schedule:

"(a) Such medical, surgical and hospital treatment . . . as may reasonably be required to cure and relieve from the effects of the injury, the same to be provided by the employer, and in case of his neglect or refusal seasonably to do so, the employer to be liable for the reasonable expense incurred by or on behalf of the employee in providing the same; *provided*, that if the employee so requests, the employer shall tender him one change of physicians and shall nominate at least three additional practicing physicians competent to treat the particular case, or as many as may be available if three cannot reasonably be named, from whom the employee may choose; the employee shall also be entitled, in any serious case, upon request, to the services of a consulting physician to be provided by the employer; all of said treatment to be at the expense of the employer. . . . Controversies between employer and employee, arising under this section, shall be determined by the commission, upon the request of either party." With these provisions in mind, the respondent insurance carrier, in its brief, puts the problem in these words: "The question involved in this case is therefore only this: did the employer neglect or refuse seasonably to provide medical treatment?" Here again we think respondents have missed the point involved in this proceeding. Of course, the answer to respondents' question must be, "No"; but that answer does not end the matter, any more than did the doing of the act which requires the answer, and the activities shown by the evidence. As we view it,

the question is this: Having seasonably provided medical treatment, does the employer escape liability for the expense of continuing the treatment, because the injured employee declines to change it under the conditions revealed in this case? Among these conditions should be noted the following: (a) The treatment was satisfactory to the employer and employee; (b) the change was proposed, not by the employer, but by the insurance carrier, who, so far as appears, had not been subrogated to the rights of the employer in the manner contemplated by section 30 (e) (1) of the act (Stats. 1929, p. 1167); (c) the change had not been ordered by the Commission, upon request of the carrier, as could have been authorized by the act. (*O'Neill* v. *Industrial Acc. Com.*, (1928) 91 Cal. App. 121 [266 Pac. 866]); (d) the change was not approved by the doctors who had been engaged by the employer and under whose care petitioner continued. We think the act does not give, nor justice permit, an affirmative answer to our question. The provisions of the section plainly evince the desire of the law that the injured man shall have latitude in his choice of physicians to treat him. He it is who is authorized to require a change in physicians, and in case of a change he shall have some freedom of selection. Without determining that the employer is limited to his first choice of a physician and method of treatment, we do hold that the employee does not forfeit his right to treatment at his employer's expense by refusing to make a change under the conditions presented in this proceeding.

The award is annulled.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 30, 1931, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 1, 1932.

Shenk, J., and Curtis, J., dissented.