639 P.2d 433

Cumer L. GREEN, David W. Cantrill, dba Green & Cantrill, Attorneys at Law, Plaintiffs-Respondents,

v.

Harold YOUNG, Defendant-Appellant.

No. 13954.

Supreme Court of Idaho.

Dec. 23, 1981.

Harold Young, pro se.

Willis E. Sullivan, III of Green & Sullivan, Boise, for plaintiffs-respondents.

PER CURIAM:

Appeal from a judgment rendered in favor of plaintiff respondents for services

rendered to defendant appellant. Judgment affirmed.

Defendant appellant Harold Young employed the services of the plaintiff respondents to represent him in several legal matters including a divorce proceeding involving a property settlement agreement and a contested custody matter which involved a 2½ day trial; a foreclosure proceeding on the residence of the parties awarded to the defendant appellant; and an income tax assessment proceeding involving the Internal Revenue Service. The representation continued for approximately eighteen months, with the plaintiff respondent submitting regular monthly billings. During that period of time, defendant appellant paid more than $6000 in legal fees and expenses.

Plaintiff respondents terminated the representation apparently because of the alleged failure of defendant appellant to pay the additional legal fees claimed. This action was commenced by plaintiff respondents for the balance of fees for that representation, and after a trial in which the defendant appellant appeared *pro se* the trial court found in favor of plaintiff respondents and awarded judgment in the sum of $6,191.25 plus interest.

■ Defendant appellant appeals, raising the following issues. Appellant first asserts that plaintiff respondents failed to comply with a subpoena *duces tecum* issued and served upon them requiring them to produce their daily time sheets which were prepared in the ordinary course of the representation. The subpoena called for production on October 31, 1980. However, the trial occurred on October 29, 1980, two days before. Appellant asserts variously that the trial court should have modified the subpoena to refer to the earlier date of trial or that respondents should have moved to quash the subpoena. We do not reach either of those two issues, however, because the evidence adduced at trial established that the time sheets in question had been discarded by the plaintiffs prior to the lawsuit, and that the only records remaining which plaintiffs had were the monthly billing sheets which set out in some detail the amounts and types of work performed each month for which a billing was sent. These monthly statements were admitted into evidence without objection. The original time sheets not being available, there was no error committed by the trial court with regard to the subpoena *duces tecum* requiring production of those non-existent records.

■ The appellant next questions the reasonableness of the fee and the professional adequacy of the services rendered. The trial court found, based upon disputed evidence, that the services were rendered and that the fees charged were in fact reasonable. Those findings, being supported by competent evidence, will not be disturbed on appeal. I.R.C.P. 52; *Cougar Bay Co. v. Bristol*, 100 Idaho 380, 383, 597 P.2d 1070, 1073 (1979).

■ Finally, appellant asserts that respondents, prior to filing this action, forwarded a promissory note for the balance of the fees, demanding 12% interest on that balance. That issue, which impliedly suggests a usury defense, was not raised before the trial court, and therefore our prior cases clearly preclude our considering it for the first time on appeal. *McNeil v. Gisler*, 100 Idaho 693, 696, 604 P.2d 707, 710 (1979); *Unigard Ins. Group v. Royal Globe Ins. Co.*, 100 Idaho 123, 127, 594 P.2d 633, 637 (1979).

Having concluded that the trial court committed no error, the judgment below is affirmed.

Affirmed. Costs to respondents. No attorney fees allowed.