651 P.2d 553

Earl BARNES, an individual doing business as Barnes Realty, Plaintiff-Respondent,

v.

Lillian M. HINTON, both as an individual and as Trustee of the Estate of Olga V. Oliver, and Does I through V, inclusive, Defendant-Appellant.

No. 13623.

Court of Appeals of Idaho.

Sept. 13, 1982.

**620**

Lloyd J. Webb of Webb, Burton, Carlson, Pedersen & Paine, Twin Falls, for defendant-appellant.

J. Stephen Crabtree of Kennedy, duPont & Crabtree, Ketchum, for plaintiff-respondent.

SWANSTROM, Judge.

Lillian Hinton was the prevailing party in a contract action filed against her by Earl Barnes, doing business as Barnes Realty. Her request for attorney fees was denied and she appealed. The sole issue on appeal is whether the trial court erred in disallowing Hinton's claim for attorney fees. Resolution of this question involves the determination of several subsidiary issues: (1) Did the trial court correctly conclude that I.C. § 12–120(2) is inapplicable to this case? (2) Where the contract contained a specific provision allowing Barnes attorney fees in case of suit or action on the contract, did the trial court err in failing to imply a reciprocal term allowing Hinton attorney fees? (3) Did the trial judge err in applying I.R. C.P. 54(e) to this case? Because we conclude that Rule 54(e) was incorrectly applied, we reverse and remand.

■ Barnes, a realtor, brought this action against Hinton for breach of a real estate listing contract. At trial the jury brought in a verdict for Hinton. The listing contract contained a provision wherein Hinton agreed to pay Barnes' attorney fees in the event Barnes had to sue to collect his commission. The contract contained no reciprocal term allowing Hinton to recover her attorney fees in case the realtor's action was unsuccessful. After the trial, Hinton filed a memorandum of costs claiming expenditure of $4,732 as attorney fees in defense of the action. Barnes filed a motion to disallow attorney fees as costs, and the trial judge granted the motion. Hinton appealed this order.

The first issue we must address is whether the trial court properly rejected Hinton's claim for attorney fees under I.C. § 12–120(2). That section provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, or contract related to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

The trial court concluded that Barnes' claim against Hinton was an action brought on a contract of employment and could not be "stretched" to fit under I.C. § 12–120(2). Common sense compels us to agree.

Hinton readily admits that this action was not one to recover on an open account or account stated, nor one upon a contract relating to the purchase of goods, wares or merchandise. Hinton argues that her defense of an action to recover on a real estate broker's employment contract was essentially the same as the defense of a civil action to recover upon a note, bill or negotiable instrument. We are not persuaded by this argument. Courts are empowered to resolve ambiguities in statutes, but this court has no power to change the plain meaning of the words used by the legislature. What Hinton is asking us to do goes far beyond the legitimate bounds of statutory interpretation. We cannot insert into statutes terms or provisions which are obviously not there. *In re Dampier,* 46 Idaho 195, 207, 267 P. 452, 455 (1928).

■ Second, we consider whether the trial court erred in failing to read a reciprocal attorney fee provision into the contract. Hinton advances several arguments why we should reverse the trial court. First, she contends that such a term must be implied to make the contract reasonable. Next, she asserts that equitable considerations, such as mutuality of remedy, constrain us to imply such a term. To support her argu-

ment Hinton cites authority from California and Oregon.

Hinton's argument overlooks a basic rule which the Idaho Supreme Court has consistently applied. In *Jenkins v. Commercial National Bank,* 19 Idaho 290, 297, 113 P. 463, 465 (1911), the court said:

> It is the general rule that attorney's fees cannot be recovered in an action unless authorized by statute or by express agreement of the parties. There are, however, exceptions to this general rule, in the case of fraud, wilful wrong or gross negligence.

*See also Idaho Power Co. v. Idaho Public Utilities Commission,* 102 Idaho 744, 750, 639 P.2d 442, 448 (1981); *Kidwell & Heiser v. Fenley,* 96 Idaho 534, 531 P.2d 1179 (1975). This rule precludes a court from implying a term allowing attorney fees to a party to a contract. We decline to convert an express provision for award of attorney fees to one party to an implied provision for an award of attorney fees to either party. We hold that Hinton cannot be awarded attorney fees on the basis of the contract. It is not shown that the facts of this case come within any of the exceptions to the rule stated in *Jenkins.*

The California and Oregon authorities which Hinton cites carries no weight in this case. Both California and Oregon have adopted statutes which provide that where a contract specifically provides that attorney fees to enforce the contract shall be awarded to one of the parties, the prevailing party—whether he is the party specified in the contract or not—is entitled to reasonable attorney fees. *See* Cal.Civ.Code § 1717 and O.R.S. 20.096(1). While California and Oregon courts may be free to imply a reciprocal meaning to attorney fees provisions in contract, Idaho courts are not. Until the Idaho Legislature adopts a statute like that found in California or Oregon, Idaho courts must abide by the rule to which our Supreme Court has consistently adhered.

Finally, we must decide whether the trial court erred in applying I.R.C.P. 54(e)(1) to this case. Rule 54(e)(1) states that before a judge can exercise his discretion under I.C. § 12–121 to award attorney fees to a prevailing party, he must find that the case was "brought, pursued or defended frivolously, unreasonably or without foundation." Although I.R.C.P. 54(e)(1) did not become effective until March 1, 1979, over a year after this case was filed, the record discloses that the trial judge based his decision primarily on this rule. The record makes clear that the trial judge considered himself bound by the rule. In the record he expressed his belief that the rule eliminates a court's discretion under I.C. § 12–121. Because the trial judge concluded that Barnes had not brought the action groundlessly or frivolously, he disallowed Hinton's claim for attorney fees.

The trial judge incorrectly assumed that he was bound by the provisions of I.R.C.P. 54(e) in this case, and that he had no discretion to exercise in the matter of the award of attorney fees. As subdivision (9) provides, Rule 54(e) "shall apply to all actions filed on or after the effective date." In a recent case, the Idaho Supreme Court stated that I.R.C.P. 54(e) only applies to actions filed after March 1, 1979. *White v. Rehn,* 103 Idaho 1, 644 P.2d. 323 (1982). We enunciated the same rule in *T-Craft Aero Club, Inc. v. Blough,* 102 Idaho 833, 836, 642 P.2d 70, 73 (Ct.App.1982). The trial judge also incorrectly assumed that a finding under Rule 54(e)(1), to the effect that an action was brought frivolously, unreasonably or without foundation, would subject the attorney to possible prosecution for barratry under I.C. §§ 18–1001 et seq., or to disciplinary action by the Idaho State Bar. A charge of barratry requires proof that a person "excited" groundless suits or proceedings at law in at least three instances, "and with a corrupt or malicious intent to vex and annoy." I.C. § 18–1002. Moreover, so far as professional discipline is concerned, it is our view that an award under Rule 54(e) would not ordinarily, by itself, be cause for inquiry by the Bar; and we are aware of no policy of Bar counsel to conduct an investigation solely upon the basis of any such award.

Due to the trial judge's erroneous assumptions, we conclude that attorney fees were denied on improper grounds. The case must be remanded so that the trial court can decide, in the proper exercise of its discretion, whether to award attorney fees under I.C. § 12–121. Although on remand the trial court is not bound to apply Rule 54(e), the trial court is at liberty to follow the rule as a guide to the exercise of its discretion. *Viehweg v. Thompson,* 103 Idaho 265, 273, 647 P.2d 311, 319 (Ct.App. 1982).

Order denying attorney fees reversed and remanded. Costs to appellant. No attorney fees awarded on appeal.

WALTERS, C. J., and BURNETT, J., concur.