668 P.2d 126

**Douglas F. LADD, Plaintiff-Respondent,**

v.

**Roy COATS, Glen Michaels, and Roi-Glenn Company, Inc., Defendant-Appellant.**

No. 13729.

Court of Appeals of Idaho.

Aug. 9, 1983.

Wilbur T. Nelson, of Nelson & Westberg, Boise, for defendant-appellant.

Charles D. Coulter, Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is an appeal from an order awarding attorney fees under I.C. § 12–121.[1] The order was entered after the parties had settled all issues in their lawsuit except for a dispute over entitlement to attorney fees and costs. The amount of the award, and the amount and entitlement of the award of costs made by the district court, are not contested.

The appellant, Roi-Glenn Company, Inc., contends the district court erred in awarding attorney fees to the respondent, Douglas Ladd, in the following respects: (a) the court should have applied the principles of I.R.C.P. 54(e)(1); and (b) the court abused its discretion by awarding such fees, even without the application of rule 54(e)(1). We

hold that the district court did not err nor abuse its discretion, and we affirm.

Rule 54(e)(1), I.R.C.P., provides: "In any civil action the court may award reasonable attorney fees to the prevailing party ... [p]rovided, attorney fees under section 12–121, Idaho Code, may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation...." Douglas Ladd commenced this suit on February 28, 1979, one day before I.R.C.P. 54(e)(1) became effective on March 1, 1979. See I.R.C.P. 54(e)(9). Roy Coats was the sole named defendant. In his complaint Ladd alleged that he was suffering injury to his real property from flooding, as a result of construction work being performed on neighboring property by Coats. Ladd sought to enjoin the construction and to recover damages. Coats answered, denying that he was performing the work in his individual capacity and asserting, as a defense, Ladd's failure to join Roi-Glenn Company, Inc. as an indispensable party to the action.

Following a hearing on Ladd's application for a preliminary injunction, an order was entered enjoining Coats from flooding or injuring Ladd's property. Thereafter Ladd was permitted to amend his complaint to add Roi-Glenn and Glen Michaels[2] as defendants and an additional order was entered enjoining Roi-Glenn, Coats, and Michaels from flooding Ladd's property.

Subsequently, the cause of flooding of Ladd's property was remedied to the satisfaction of all parties and a monetary settlement for damages was made. However, Ladd, Coats, and Michaels all claimed entitlement to costs and attorney fees incurred in the litigation. That issue was submitted to the district court. The district court refused to apply rule 54(e)(1) to this case; held that Ladd was the prevailing party; made an award against Roi-Glenn

---

1. Pertinent hereto, I.C. § 12–121 provides: "In any civil action, the judge may award reasonable attorney's fees to the prevailing party...."

2. Roy Coats and Glen Michaels were officers and the principal owners of Roi-Glenn Company, Inc.

for part of the fees incurred by Ladd; and denied any recovery to Coats and Michaels. Only Roi-Glenn has appealed.

I. *Applicability of Rule 54(e)(1).*

Roi-Glenn first contends the district court erred by not applying rule 54(e)(1) retroactively. Roi-Glenn argues that the decisions of our Supreme Court in *Jensen v. Shank,* 99 Idaho 565, 585 P.2d 1276 (1978) and *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979), suggest such an application. In *Jensen,* the Court upheld a retroactive application of I.C. § 12–121, the predicate statute for rule 54(e)(1). In *Minich* the court applied the same principles as those set forth in rule 54(e)(1) to an appeal decided prior to the effective date of that rule.

■ Following *Jensen,* our Supreme Court consistently has upheld application of the statute to cases commenced but not yet decided when the statute took effect. *See e.g., Wheeler v. McIntyre,* 100 Idaho 286, 596 P.2d 798 (1979); *Buckalew v. City of Grangeville,* 100 Idaho 460, 600 P.2d 136 (1979); *Futrell v. Martin,* 100 Idaho 473, 600 P.2d 777 (1979); *Idaho Quarterhorse Breeders Association, Inc. v. Ada County Fair Board,* 101 Idaho 339, 612 P.2d 1186 (1980). However, the Court also consistently has declined to mandate retroactive application of rule 54(e)(1) in the lower courts. *See e.g., Rickel v. Board of Barber Examiners,* 102 Idaho 260, 629 P.2d 656 (1981); *Odziemek v. Weseley,* 102 Idaho 582, 634 P.2d 623 (1981) (*Minich* distinguished as applicable only to awards on appeal); *Quincy v. Joint School District No. 41, Benewah County,* 102 Idaho 764, 640 P.2d 304 (1981); *White v. Rehn,* 103 Idaho 1, 644 P.2d 323 (1982); *Anderson v. Ethington,* 103 Idaho 658, 651 P.2d 923 (1982); *City of Nampa v. McGee,* 104 Idaho 63, 656 P.2d 124 (1982). We conclude that, contrary to Roi-Glenn's suggestion, the district court was not required to apply rule 54(e)(1) retroactively to this case.

■ Next, Roi-Glenn asserts that because it was brought into the suit as a defendant under an amended complaint filed after March 1, 1979, it should have been subject to the procedural rule (rule 54(e)), in effect on that date, and not to a different rule which may have existed when the original complaint was filed. Roi-Glenn argues that adding it as a party to the litigation was, in essence, the commencement of a "new action." This does not necessarily follow. Ladd's underlying cause of action, claims, and relief sought remained the same. The addition of Roi-Glenn as a party invoked the application of I.R.C.P. 15(c). That rule provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would [have] been brought against him.

Roi-Glenn's sole argument against the applicability of rule 15(c) is that adding a party by amendment of Ladd's complaint was not the same as "changing" a party under the rule. We disagree, under the facts of this case.

Idaho's rule 15(c) is substantially the same as the federal rule, F.R.C.P. 15(c). The word "changing" in the federal rule has been liberally construed by the courts, so that amendments simply adding or dropping parties, as well as amendments that actually substitute defendants, fall within the ambit of the rule. 6 C. WRIGHT and A. MILLER, FEDERAL PRACTICE AND PROCEDURE, Civil § 1498, p. 511 (1971). *See also Id.* § 1499, p. 516–22.

Our research discloses two recent decisions which illustrate the federal treatment of rule 15(c). In *Florence v. Krasucki,* 533 F.Supp. 1047 (W.D.N.Y.1982), suit was filed against a named individual as defendant. Later, after the applicable statute of limitation had expired, it developed that the cause of action was directed at the activities of a corporation not named in the suit. The named defendant was president and a member of the board of directors of the corporation. The plaintiff was permitted to amend its complaint to add the corporation as a defendant. The corporation then raised the statute of limitation as a defense and the plaintiff moved to strike that defense. The plaintiff's motion was granted on the basis that the amendment to the complaint—by adding the corporation as a defendant—related back to the date of the original complaint, under F.R.C.P. 15(c).

*Donovan v. Gillmor,* 535 F.Supp. 154 (N.D. Ohio 1982) concerned a motion by the plaintiff to amend its complaint by adding, as a defendant, a corporation formed by other named defendants after the suit was filed and after the statute of limitation had expired. The plaintiff's motion was granted. The court held the amended complaint related back, under F.R.C.P. 15(c), to the date the original complaint had been filed.

Although these cases deal with the concept of "relating back" in the context of statutes of limitation, rather than rules governing attorney fees, they establish a general test for application of rule 15(c). Where a named defendant is closely related to, or the officer or agent of, a corporation not named in the original complaint, and the claim of the plaintiff relates to activities of the corporation, and the interrelationship between the named defendant and the corporation is such that it cannot be said the corporation would be unduly prejudiced if required to defend against the claims asserted, then amending the complaint to add the corporation as a defendant falls within rule 15(c). We believe the relationship between Roi-Glenn and the individual defendant Roy Coats satisfies this test.

It follows that if, under rule 15(c), the amended complaint relates back to the date the original pleading was filed, then it is not a "new action" filed on a subsequent date. As noted before, rule 54(e) applies only to actions filed on or after March 1, 1979. The case before us was not such an action; the addition of Roi-Glenn as a party was the addition of that party to an action relating back to February 28, 1979, a date preceding the effective date of rule 54(e). We hold that the district court did not err in so concluding.

II. *Discretionary Award of Fees.*

Roi-Glenn also contends that even if rule 54(e)(1) was inapplicable under theories of retroactivity or non-relation back, it was permissible for the district court to apply the conceptual principles of the rule and failure of the court so to do was an abuse of discretion. We agree that, as a matter of discretion, the court below could have applied the concepts of the rule. *See Viehweg v. Thompson,* 103 Idaho 265, 647 P.2d 311 (Ct.App.1982); *Barnes v. Hinton,* 103 Idaho 619, 651 P.2d 553 (Ct.App.1982). We disagree, however, with the proposition that the court abused its discretion by failing to apply those permissible concepts.

A court is free to exercise discretion where there are two or more alternative permissible or lawful principles applicable, under any of which the court could proceed. BLACK'S LAW DICTIONARY 553 (rev. 4th ed.1951) *citing Shannon v. Hendrixson,* 32 N.E.2d 431, 432 (Ohio App.1935). Here the court had the alternative of applying the principles of rule 54(e)(1), or of applying another principle, i.e., the "prevailing party" provision of I.C. § 12–121, unfettered by the limitation subsequently imposed on the statute by rule 54(e)(1) on March 1, 1979. The court chose the latter and stated reasons for that choice. We find no abuse of discretion in making that decision.

Roi-Glenn next asserts that, assuming the principles of 54(e)(1) were not applicable or available in any manner, the district court abused its discretion in two other respects. First, Roi-Glenn submits that an award of fees was unjustified on the facts of the

case. Second, Roi-Glenn contends the court erred in finding that Ladd was the prevailing party. Roi-Glenn points out that the district court observed there was no bad faith on the part of any party, that the flooding complained of by Ladd was abated, that the damage claim was settled, and that the court was not required to decide the case on its merits. Weighing against this argument, however, is the district judge's observation that because of Roi-Glenn's unauthorized flooding of Ladd's property, Ladd was justified in bringing the suit for injunction and recovery of damages, and that such relief, albeit by settlement, was achieved because of Ladd's law suit.

■ In its sound discretion, the court was at liberty to consider the result achieved in relation to the relief sought by the respective parties in determining which party was the prevailing party and was entitled to costs. I.R.C.P. 54(d)(1)(B). The court found that Ladd was the prevailing party under the circumstances. Such a finding was proper and was sufficient, in and of itself, to justify an award of fees under I.C. § 12–121, prior to the effective date of rule 54(e). *Odziemek v. Weseley*, 102 Idaho 582, 634 P.2d 623 (1981). The record before us discloses no indication of abuse by the district court in exercising its discretion in determining which party prevailed. Following that determination, the district court then was faced with deciding whether or not to allow fees under I.C. § 12–121, to the prevailing party. The court chose to make such an award, and fixed the amount at a sum which the court deemed reasonable. We find no abuse of discretion in that regard.

The order awarding attorney fees and costs to Ladd is affirmed. Costs on appeal to respondent, Ladd.

SWANSTROM and BURNETT, JJ., concur.