699 P.2d 1388

**In the Matter of the ESTATE OF William KUNZLER, Deceased.**

**Floyd KUNZLER, Appellant,**

v.

**FIRST INTERSTATE BANK OF IDAHO and Glen Kunzler, Respondents.**

No. 15048.

Supreme Court of Idaho.

May 1, 1985.

Lynn M. Luker, Esq., of Goicoechea Law Office, Chartered, Boise, Paul Stockdale, Ogden, Utah, for appellant.

William Parsons, of Parsons, Smith, Stone & Fletcher, Burley, for respondent First Interstate Bank.

Steven A. Tuft, of Church, Church, Snow & Tuft, Burley, for respondent Glen Kunzler.

DONALDSON, Chief Justice.

Decedent, William Kunzler, died intestate on June 3, 1974, leaving as heirs his 13 children. This appeal centers around the disposition of decedent's 230-acre farm located in Cassia County.

On September 10, 1974, a petition for probate of decedent's estate was filed. Floyd Kunzler, one of decedent's sons, was appointed Personal Representative. In June of 1979, Glen Kunzler, another of decedent's sons, petitioned for removal of Floyd Kunzler as Personal Representative and for an accounting. The magistrate denied the motion along with several subsequent motions for Floyd Kunzler's removal.

On August 28, 1981, Glen Kunzler petitioned the magistrate for an Order to Show Cause directing the Personal Representative to show why he should not be removed for failure to settle the estate. He also asked for a partition and sale of the farm. The magistrate denied both motions and ordered the Personal Representative to proceed immediately to close the estate. The magistrate did state, however, that if the assets of the estate were insufficient to make a proper distribution to Glen Kunzler, partition and sale might ultimately be required. On May 5, 1982, the magistrate ordered supervised administration of the estate pursuant to I.C. § 15–3–501.

The matter was again before the court on an Order to Show Cause on June 11, 1982. Following that hearing, the magistrate removed Floyd Kunzler as Personal

Representative and ordered partition of the farm by sale. The magistrate made the following Findings of Fact:

"1. It was in fact the desire of the court to be apprised of the nature of the assets available and the fair market values today and the Personal Representative has either failed or refused to provide that information dispite [sic] having been advised in open court on two previous occasions, September 9, 1981, and November 16, 1981, and the Personal Representative has held those requests and orders of the court in contempt.

"2. The court is without the ability to order any other relief for the petitioner Glen Kunzler other than to grant his motion for partition of the real property by sale, the Personal Representative having failed to provide an alternate method to satisfy the claim of Glen Kunzler.

"3. The court has been advised by counsel for the Personal Representative that the Utah assets are 'in litigation' and it appears at the present time that there is no Utah assets available to which the Personal Representative could have access to make distribution to petitioner Glen Kunzler to avoid partition of the real property by sale.

"4. The Personal Representative Floyd Kunzler has not only on this occasion but on previous occasions exhibited no diligence or effort to bring this matter to the conclusion that the court has informally urged and encouraged and has treated the orders of this court with contempt, and it is not in the best interest of the estate for Floyd Kunzler to continue as Personal Representative.

"5. The court finds that the Trust Department of First Interstate Bank of Idaho, N.A., to be not only willing but competent to serve as the Personal Representative of this estate."

First Interstate Bank assumed its duties as personal representative on June 24, 1982. A broker was employed on August 9, 1982. Among the prospective purchasers contacted by the broker were William and Reese Kunzler, two of the heirs of the estate.

On September 1, 1982, Floyd Kunzler moved to disqualify First Interstate's attorney, Mr. Parsons, alleging a conflict of interests. He also asked the court to grant him, or any of the other heirs, a right of first refusal to purchase the farm at the same net price as any offer. He further requested that any such heir be allowed to purchase the farm without paying a real estate commission. His motion was denied in all respects.

On September 13, 1982, First Interstate Bank petitioned the court for authority to sell the farm to Garr and Joan Wayment. A confirmation hearing was held on October 20, 1982. Appellant, on his own behalf and on behalf of the other heirs of the estate, objected to the confirmation of the sale and asked the court to permit the heirs additional time to match the Wayment offer. In an opinion dated October 22, 1982, the magistrate confirmed the sale and denied the relief requested by the heirs. The opinion stated in part:

"All parties to the proceedings agree that the offer presented by the Personal Representative, the offer of Mr. and Mrs. Wayment, is an offer which is not objectionable and is permissible for the court to confirm. The heirs simply approach the court and ask that they be given an opportunity to purchase the property instead of its sale to the Wayments.

. . . .

"The evidence at the confirmation hearing shows that Mr. and Mrs. Wayment have secured a binding financial commitment to purchase the real property on a cash sale. The evidence further shows that the price secured is more than adequate for the property, and in

fact, is a very good sale for the estate. Since June 14, 1982, none of the heirs have presented the court with a firm offer with financial backing secure and available to make purchase of the real property, and in fact, at the time of hearing, counsel argued that the court should at least allow the heirs an opportunity to go out and try to secure that financing.

"Therefore, it appears that the only substantiated offer for the property which is before the court is the one of Garr G. Wayment and Joan W. Wayment. The heirs of the estate have had opportunity at all time to make an offer for the purchase of the property. No offer was received prior to the time an earnest money agreement was negotiated with Mr. Wayment. The heirs have all been aware of the proceedings in this matter and that the property was being offered for sale.

"It appears to the court it would be most unfair to Mr. Wayment at this time to allow one or more of the heirs to take advantage of the offer he has negotiated for the Personal Representative.

" . . . .

"The question before the court goes beyond these heirs and this Personal Representative. It involves public policy and making the dealings of Personal Representatives with the business community sound and predictable. It may be regrettable that this family farm will pass out of the possession and control of the heirs of William Kunzler, but it would be unequitable and unfair to Mr. and Mrs. Wayment to deny them the benefit of the agreement they reached with the Personal Representative. In addition, the court notes that the heirs had every opportunity to present an offer for the purchase of property and even to this day have failed to present to court with the documented proposal which would meet, let alone exceed, the offer made by Mr. and Mrs. Wayment."

On November 23, 1982, Floyd Kunzler moved to set aside the order confirming the sale alleging lack of jurisdiction by the magistrate court, breach of fiduciary duty on the part of the Personal Representative, and fraud and misrepresentation on the part of counsel for the Personal Representative. The motion was denied on December 17, 1982.

On December 9, 1982, Floyd Kunzler appealed the magistrate's order confirming the sale to the district court. He requested a trial de novo on the issues raised on his appeal. The district court held a hearing on February 11, 1983, and denied the motion for a trial de novo on that date. In an order dated March 14, 1983, the district court affirmed the magistrate's order confirming the sale of the farm and ordered Floyd Kunzler to reimburse the estate for costs and attorney fees as the court found that his appeal was pursued unreasonably and without foundation. It is from this order that Floyd Kunzler appeals.

Appellant asks this Court to set aside the sale to the Wayments and to return the property to the heirs. He asserts that the magistrate lacked the authority to confirm the sale. It is his position that, absent a showing of indebtedness or great prejudice to an heir, a court has no authority to order a sale of estate real property.

Appellant's position is without merit. In 1971, three years prior to the death of William Kunzler, Idaho adopted the Uniform Probate Code (U.P.C.) 1971 Idaho Sess. Laws ch. 111, p. 233. One of the express purposes of the U.P.C. is to promote the speedy and efficient liquidation and distribution of estates, and its provisions are to be liberally construed and applied in order to achieve that end. I.C. § 15–1–102. Appellant has cited pre-U.P.C. cases and cases from non-U.P.C. jurisdictions in an attempt to convince this Court to set aside the sale. These cases are not controlling, however. This Court must look to the U.P.C. itself in order to determine the controlling law.

In the ordinary case it is to be expected that heirs desiring partition of a

decedent's property will reach an agreement without resort to the courts. However, if judicial intervention is necessary, the court with jurisdiction to administer the estate is given jurisdiction to partition the property. I.C. § 15–3–911, comment to official text. The Code provides for a sale of "any property which cannot be partitioned without prejudice to the owners and which cannot conveniently be allotted to any one party." I.C. § 15–3–911. Thus, where the heirs or devisees are unable to agree on a distribution of estate property and where the property cannot be equitably partitioned or allotted to one party, the magistrate has jurisdiction to order it sold.

The property in dispute in this case is a 230-acre tract of farmland. It is the principal asset of an estate which must be divided among 12 heirs. Under these circumstances, it is apparent that the property could not have been allotted to any one heir. Nor could it have been partitioned in kind without prejudice to the heirs; as the district court noted, "[c]ommon sense compels a determination that a sub-parcel of less than 20 acres is worth less than a 1/12th share of a 230 acre farm."

William Kunzler died in September of 1974 and it was not until October of 1982, a full eight years later, that the magistrate ordered the property sold. In eight years the heirs were unable to arrive at an equitable division of this property. In eight years they never presented the court with a documented offer to purchase the farm. In fact, the magistrate specifically found that appellant failed or refused to apprise the court of the nature and value of the estate assets and that he treated the magistrate's orders with contempt.

■ Appellant now asks us to set aside the sale and to return the property to the estate. This we decline to do. In the alternative, appellant asks us to hold that the heirs should have been granted a right of first refusal to purchase the property. As we noted above, the heirs had eight years in which to purchase the property. In all that time, they did not present the court with a bona fide offer. The heirs were notified that the property was for sale. They were notified that the property was for sale. They were notifed that they had an opportunity to purchase the property. Yet, during the four months it took the real estate agent to arrange the sale with the Wayments, they did not make a documented offer. Under the circumstances of this case, we are unwilling to hold that the magistrate was required to give these heirs a right of first refusal to purchase the property.

■ We are in complete agreement with the district court's conclusion that the magistrate had the authority to order the property sold and that he did not abuse his discretion in so ordering. We have considered the rest of appellant's arguments on appeal and find them to be without merit. Accordingly, the decision of the district court is affirmed. In addition, as it appears to us that this appeal was pursued frivolously and without foundation, we further order the appellant to reimburse the estate for the Personal Representative's attorney fees.

Costs to respondent.

SHEPARD, BAKES, BISTLINE and HUNTLEY, JJ., concur.