707 P.2d 461

**In the Matter of the ESTATE OF William KUNZLER, Deceased.**

**Floyd KUNZLER, William Kunzler, Jr., and Will Reese Kunzler, Appellants,**

v.

**Glen KUNZLER, Respondent.**

**No. 15508.**

Court of Appeals of Idaho.

Sept. 4, 1985.

On Rehearing Sept. 30, 1985.

Alfred E. Barrus (Barrus & Bywater), Burley, for appellants William Kunzler, Jr., and Will Reese Kunzler.

Mark J. Taylor, Rupert, for appellant, Floyd Kunzler.

Steven A. Tuft (Goodman & Duff), Rupert, for respondent, Glen Kunzler.

William Parsons, Burley, appeared at oral argument, but filed no brief, on behalf of the First Interstate Bank of Idaho (a party in interest not named in this appeal).

BURNETT, Judge.

This appeal focuses upon an award of attorney fees to an heir who sought, and ultimately obtained, removal of a personal representative and sale of certain real property during administration of a decedent's estate. Fees were awarded not by the magistrate, who declined to make such an award, but by the district judge on appeal. The district judge decided that the magistrate had acted under a misapprehension of the legal standard governing fee awards and that an award should have been made.

For reasons explained below, we sustain the district court's interpretation of the legal standard; but we hold that the court should have remanded the case to the magistrate for proper application of the standard, rather than reaching the merits of the attorney fee request on appeal.

The facts pertinent to our opinion are undisputed. William Kunzler died intestate, leaving thirteen heirs. One of the heirs, appellant Floyd Kunzler, was appointed as the personal representative. Another heir, respondent Glen Kunzler, later petitioned the court repeatedly to terminate Floyd's appointment. After denying several such motions, the magistrate eventually concluded that Floyd was not properly performing his duties as personal representative and ordered him removed. The First Interstate Bank of Idaho was appointed as the successor personal representative. Soon thereafter, upon Glen's motion, the magistrate ordered the principal asset in the estate, a 230-acre farm, to be sold. Floyd did not appeal his removal as the personal representative but he did appeal the order for sale of the farm. The district court affirmed that order as did our Supreme Court. *See Kunzler v. First Interstate Bank of Idaho*, 108 Idaho 374, 699 P.2d 1388 (1985).

Having obtained the relief he sought, Glen filed a claim for reimbursement of his attorney fees. The claim was resisted by Floyd and by two other heirs—the co-appellants, William Kunzler, Jr., and Will Reese Kunzler. In open court, Glen waived his claim insofar as it sought reimbursement from Floyd personally in this action, but he continued to assert his claim against the estate. The magistrate, in a memorandum opinion, held that no section of the Idaho/Uniform Probate Code provided for such reimbursement of fees. The magistrate also declined to make an award under I.C. § 12–121, the statute generally authorizing fee awards in civil cases. Glen appealed, presumably invoking the district court's appellate jurisdiction under I.C. § 17–201(7), which authorizes an appeal from a magistrate's order "[r]efusing, allowing or directing the ... payment of a ... claim ..." during estate administration. The district court reversed and remanded, directing the magistrate to make an appropriate award for which the estate would be liable. The instant appeal followed.

■ The appellants argue that Glen's claim for reimbursement of attorney fees was untimely filed and therefore barred. They urge us to apply I.R.C.P. 54(e)(5), which provides that attorney fees shall be "deemed as costs" in a civil action, together with I.R.C.P. 54(d)(5), which provides that a memorandum of such "costs" must be filed "not ... later than 10 days after entry of judgment." It is uncontroverted that Glen's claim was filed more than ten days after the magistrate ordered removal of the personal representative and sale of the farm. However, the issue of whether Rules 54(d)(5) and 54(e)(5) apply to this type of claim has not been properly framed and preserved as an issue on appeal. The record fails to disclose that an objection to the timeliness of Glen's claim was made before the magistrate. Rather, the question of timeliness appears to have been raised for the first time on appeal. In general, appellate courts in Idaho will not consider issues newly raised. *E.g., Masters v. State*, 105 Idaho 197, 668 P.2d 73 (1983); *Green v. Young*, 102 Idaho 735, 639 P.2d 433 (1981). Although an exception to this rule applies to jurisdictional issues, we do not deem the purportedly late filing to represent a jurisdictional defect. Even if Rules 54(d)(5) and 54(e)(5) were applicable, the magistrate would have been authorized, upon a showing of good cause, to extend the time for filing memoranda of costs and attorney fees. *Ada County Highway District v. Acarrequi*, 105 Idaho 873, 673 P.2d 1067 (1983).

■ The co-appellants also have argued that in no event should the estate be liable for any attorney fees awarded as a result of Floyd's litigation posture and tactics while he was the personal representative. We disagree. Idaho Code § 15–3–808(c) and the comment to its official text treat

the estate as a quasi-corporation. Claims may be made against an estate for obligations arising from control of the estate by the personal representative during administration. Liability for an attorney fee award is such an obligation. Any secondary dispute between the estate and the personal representative concerning allocation of liability "may be determined in a proceeding for accounting, surcharge or indemnification or other appropriate proceeding." I.C. § 15–3–808(d).

The co-appellants have invited our attention to cases in other jurisdictions where attorney fee awards against decedents' estates have been denied. However, those cases appear simply to hold that attorney fees are not awardable to prevailing litigants absent authority conferred by statute or contract. In this case, unlike those cited by the co-appellants, such authority is furnished by I.C. § 12–121.

We turn, then, to the merits of the attorney fee issue. The district judge, like the magistrate, found no legal authority other than I.C. § 12–121 for making such an award. This narrowing of the issue has not been challenged in argument before our Court. Accordingly, we will presume for the sake of discussion that Glen's entitlement to an attorney fee award rests upon application of I.C. § 12–121.

■ As Idaho practitioners are aware, I.R.C.P. 54(e)(1) provides that an award under this statute may not be made unless the court "finds, from facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation...." This rule was adopted after administration of the instant estate had begun but before Glen commenced adversary proceedings to terminate Floyd's appointment as personal representative and to sell the farm. The applicability of the rule has not been contested by any of the parties to this appeal. Moreover, the magistrate was at liberty to apply the rule criteria even if he had not been bound to do so. *See generally Ladd v. Coats,* 105 Idaho 250, 668 P.2d 126 (Ct.App. 1983).

■ Applying these criteria to the facts of a particular case is a task invoking the judge's discretionary function. The judge's determination as to whether the criteria have been satisfied will not be disturbed on appeal unless such discretion has been abused. *E.g., Anderson v. Ethington,* 103 Idaho 658, 651 P.2d 923 (1982).

■ When reviewing an exercise of discretion, an appellate court must determine whether the lower court properly applied the legal standard, if any, governing the available discretionary alternatives. Here, the magistrate deemed his discretionary alternatives to be governed by Rule 54(e)(1). The magistrate stated:

[I.C. § 12–121] has been limited by I.R. C.P. 54(e)(1) which provides that in order to award attorney's fees under this provision the court must find that the action was pursued or defended frivolously, unreasonably or without foundation. Thus, in order to award attorney's fees to Glen Kunzler in this proceeding the court must find that his actions were defended frivolously, unreasonably *and* without foundation.

From the record in this case the court obviously felt that the prior personal representative was not performing his duties as required under the code. The court also concluded that the sale of the real property was appropriate. The court would not characterize the defense of these proceedings, however, as frivolous *and* without foundation. Although the petitioner was successful, the defense was not frivolous. [Emphasis added.]

■ On appeal, the district judge, noting that the magistrate had used the conjunctive term "and" rather than the disjunctive term "or" in two of the sentences quoted above, held that the magistrate had misperceived the legal standard governing the exercise of his discretion. Reading the magistrate's statement in its entirety, we think it possible that his conjunctive references to the criteria under Rule 54(e)(1) may have been inadvertent rather than pur-

poseful. Nevertheless, we agree with the district judge that the magistrate's statement could be read to reflect an erroneous interpretation of the rule. Accordingly, we hold that the district judge acted properly in setting aside the magistrate's determination.

However, it is one thing to hold that discretion has been exercised by reference to a misunderstood legal standard; it is quite another to usurp such discretion by deciding the issue anew at the appellate level. We have held that when a trial judge erroneously applies the law when making a discretionary decision, the appropriate appellate response is to remand the case for reconsideration under the clarified legal standard. In *Barnes v. Hinton*, 103 Idaho 619, 651 P.2d 553 (Ct.App.1982), we confronted a similar problem when a district judge, in our view, misapplied rules relating to discretionary awards of attorney fees. The judge had denied an award to a prevailing party, thinking that Rule 54(e)(1) required findings that might subject the losing party's attorney to a charge of barratry. We said:

> Due to the trial judge's erroneous assumptions, we conclude that attorney fees were denied on improper grounds. The case must be remanded so that the trial court can decide, in the proper exercise of its discretion, whether to award attorney fees....

*Id.* at 622, 651 P.2d at 556. More recently, in *State v. Torres*, 107 Idaho 895, 693 P.2d 1097 (Ct.App.1984), we held that a judge erroneously had restricted the record upon which a discretionary sentencing was made. We added:

> [W]hen a judge unduly narrows the scope of his discretion, by focusing upon improperly limited information, the proper appellate response is not to usurp such discretion by exercising it ourselves; rather, the proper course is to remand the case for reconsideration.

*Id.* at 898, 693 P.2d at 1100.

In the present case, the district judge ordered that attorney fees be awarded to Glen Kunzler, explaining:

> This court has read the transcripts of all of the prior proceedings, and has also read the briefs that were submitted on appeal. This court is left with the abiding conclusion that, as a matter of law, the prior proceedings were, in part, brought, pursued, or defended unreasonably and/or without foundation by [Floyd Kunzler].

With due respect to the capable district judge, we believe he overstepped his appellate function by deciding the attorney fee question on its merits rather than remanding for reconsideration. We could sustain his decision only if the record showed that the entitlement to an award of attorney fees under the rule was so clear and compelling that any contrary determination would constitute, *ipso facto*, an abuse of discretion. In that event, a remand would be a hollow and superfluous gesture. However, the record does not lead us inexorably to this conclusion. Although the magistrate found, upon ample evidence, that it was necessary to replace the personal representative and to order sale of the farm, this does not necessarily signify that Floyd Kunzler's opposition to such decisions, while he was the personal representative, was "frivolous, unreasonable or without foundation." A litigant's position upon a controverted issue is not "frivolous" or "without foundation" simply because an issue is correctly decided against him. *E.g., Gulf Chemical Employees Federal Credit Union v. Williams*, 107 Idaho 890, 693 P.2d 1092 (Ct.App.1984); *Wing v. Amalgamated Sugar Co.*, 106 Idaho 905, 684 P.2d 307 (Ct.App.1984). Indeed, the district judge in this case may have implicitly recognized this point by deciding in Glen's favor on appeal but declining to assess appellate attorney fees against the estate because "the defense [of the] appeal was not frivolous, unreasonable, or without foundation...."

Accordingly, we vacate the district judge's decision on appeal insofar as it determines the attorney fee issue on its merits. The case is remanded to the district court with the instruction that it be

**356**

further remanded to the magistrate for reconsideration in light of Rule 54(e)(1), as clarified by the district judge. Costs in the instant appeal are awarded to appellant Floyd Kunzler and to the co-appellants. However, because we believe the appeal was not defended frivolously, unreasonably or without foundation by Glen Kunzler, we decline to award attorney fees.

WALTERS, C.J., and SWANSTROM, J., concur.

## UPON PETITION FOR REHEARING

This opinion supplements our prior opinion issued on September 4, 1985, which remains in force except as modified herein.

BURNETT, Judge.

Respondent Glen Kunzler has filed a petition for rehearing, together with a supporting brief. Appellants William Kunzler, Jr., and Will Reese Kunzler have filed an opposing memorandum. The petition does not challenge our prior opinion on its merits but asks that we reconsider the award of costs (exclusive of attorney fees) to the appellants. The petitioner, noting that our prior opinion affirmed the district court's decision in part and vacated it in part, argues that he prevailed on several issues and should not suffer an award of costs against him.

■■■ Upon reconsideration, we are persuaded that the appellants and the respondent are partially prevailing parties. Rule 54(d)(1)(B), I.R.C.P., provides that when parties to an action have prevailed in part, the trial court may, in its sound discretion, apportion the costs. The same principle logically applies to partially prevailing parties on appeal. In this case, we deem it appropriate that the parties bear their own costs, including attorney fees. Our prior opinion is modified accordingly.

WALTERS, C.J., and SWANSTROM, J., concur.