**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40513**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 504** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed:  May 13, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **LARRY LEE JAMES STADTMILLER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County.  Hon. Michael J. Griffin, District Judge.

District court's decision rejecting *Alford* plea, <u>set aside and case remanded</u>; unified sentence of nine years, with three years determinate, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben Patrick McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

WALTERS, Judge Pro Tem

Larry Lee James Stadtmiller appeals from his judgment of conviction for sexual abuse of a minor child under the age of sixteen years.  Specifically, Stadtmiller asserts that the district court abused its discretion by rejecting his first attempted *Alford*[1] plea.  He also asserts that the district court abused its discretion by imposing an excessive sentence.  For reasons to be discussed, we set aside the decision rejecting Stadtmiller's first attempted *Alford* plea and remand the case to the district court to re-exercise its discretion in considering that plea.  We affirm the sentence imposed by the district court upon the judgment of conviction for sexual abuse of a minor child under the age of sixteen years, subject to the district court's disposition on the attempted *Alford* plea.

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

# I.

## BACKGROUND

K.E., a ten-year-old girl, reported that she had been awakened during the night by Stadtmiller while she was asleep on a couch in the home of Mr. Ruzicka and that Stadtmiller had touched her "privates." Stadtmiller was a "roommate" of Ruzicka, living either in the house or in a camper in front of the house. K.E. disclosed that Stadtmiller sat down on the couch where she was lying, placed her legs on top of his legs, and then touched her all over her body. She said he touched her breasts and then rubbed and squeezed her vaginal area. He tried to open her legs, but she kicked at him. When he stopped momentarily and then "started doing it again," she got up, went to the bathroom, and then went to tell Ruzicka. According to Ruzicka, when she reported the incident to him she was crying, and when he went to the hallway to find Stadtmiller, Stadtmiller was gone.

K.E.'s mother reported the incident to the police the next day. The police contacted Stadtmiller who was in the camper in front of Ruzicka's house. When asked what had happened the night before, Stadtmiller stated that nothing had happened. He reported that he had returned to the house from a bar soon after midnight, went into the house for a glass of water and some candy, and then went outside to the camper to go to bed. Stadtmiller stated that the girl had been asleep on the couch and that he did not sit down next to her or touch her.

As a result of the investigation, Stadtmiller was arrested and charged with one count of sexual abuse of a minor child under sixteen years of age, I.C. § 18-1506(1)(b). He pled not guilty to the charge. Later, the State informed the district court that the parties had reached an oral plea agreement, whereby Stadtmiller would plead guilty to an amended charge of felony injury to a child. The district court granted the motion to amend the charge to injury to a child. After Stadtmiller entered a guilty plea to the amended charge, the district court examined him regarding the offense. The district court then rejected the plea, stating that the court would not accept the plea as an *Alford* plea because Stadtmiller neither admitted guilt nor claimed he was unable to recall committing the crime because he was under the influence of alcohol, drugs, or some other physical injury to the point that he could not remember his actions.

The next day, the parties entered into an Idaho Criminal Rule 11 binding plea agreement. It provided that Stadtmiller would plead guilty to an amended charge of felony injury to a child, and the parties agreed to recommend at sentencing that Stadtmiller would not be ordered to serve

2

any additional jail time, would be placed on supervised probation, and would obtain a psychosexual evaluation and follow any recommendation of that evaluation. The Rule 11 plea agreement bound the district court to its terms if, after reviewing the presentence report and evaluations, the court agreed to accept the plea. After reviewing the report and evaluations, the court refused to accept the Rule 11 plea agreement because Stadtmiller continued to deny guilt. The district court explained to Stadtmiller at the Rule 11 hearing why it was rejecting the agreement: "You don't think you did anything wrong, and so it's impossible for you to start counseling, let alone complete . . . , so probation is not viable." Having rejected the second plea agreement because probation would not be viable, the court gave the State time to decide whether it wanted to proceed on the injury to a child charge or instead request that the charge be amended back to sexual abuse of a minor child under the age of sixteen years. In either event, the district court would withdraw Stadtmiller's guilty plea and enter a not guilty plea to the charge.

The State then filed a motion to amend the charge to reflect the original allegation of one count of sexual abuse of a minor child under the age of sixteen years. The district court granted the motion to amend. The case proceeded to trial and the jury found Stadtmiller guilty as charged. The district court imposed a unified sentence of nine years, with three years determinate. Stadtmiller timely appealed.

## II.
## DISCUSSION

### A. *Alford* Plea

Stadtmilller asserts that the district court abused its discretion when it rejected his first attempted *Alford* plea because the district court did not act consistently with the legal standards applicable to whether to accept an *Alford* plea. The district court rejected Stadtmiller's first attempted *Alford* plea because Stadtmiller did not admit any guilt and because Stadtmiller had not been under the influence of drugs or alcohol to the point where he did not remember the incident. When rejecting the proffered plea, the district court categorically determined that it could not accept an *Alford* plea where the defendant does not admit guilt or where the defendant

3

was not under the influence of drugs or alcohol to the point where he did not remember the incident at issue. We agree that this was error.[2]

In *Schoger v. State*, 148 Idaho 622, 628, 226 P.3d 1269, 1275 (2010), the Idaho Supreme Court explained the law applicable to *Alford* pleas:

> In *Alford*, the United States Supreme Court upheld the trial court's acceptance of a guilty plea from a defendant even though he asserted factual innocence to the charge of second degree murder. 400 U.S. 25, 91 S. Ct. 160, 27 L.Ed 2d 162. In that case, the trial court heard evidence from various witnesses that strongly indicated Alford's guilt before accepting his plea. *Id*. at 27, 91 S. Ct. at 162, 27 L.Ed. 2d at 166. Alford then testified that:
>
> > I pleaded guilty on second degree murder because they said there is too much evidence, but I ain't shot no man, but I take the fault for the other man. We never had an argument in our life and I just pleaded guilty because they said if I didn't they would gas me for it, and that is all.
>
> *Id.* at 29 n.2, 91 S. Ct. at 163 n.2, 27 L.Ed. 2d at 166 n.2[.] The Supreme Court found such a plea to be constitutionally permissible so long as the charge is supported by a strong factual basis. In sum, the Court held that "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Id.* Idaho recognized the validity of an *Alford* plea as early as 1981 when we stated, "[a]s long as there is a strong factual basis for the plea, and the defendant understands the charges against him, a voluntary plea of guilty may be accepted by the court despite a continuing claim by the defendant that he is innocent." *Sparrow v. State*, 102 Idaho 60, 61, 625 P.2d 414, 415 (1981) (citing *Alford*, 400 U.S. at 25, 91 S. Ct. at 161, 27 L.Ed. 2d at 162).

The *Schoger* Court explained further that the district court's refusal to accept an *Alford* plea is reviewable for an abuse of discretion. *Schoger*, 148 Idaho at 627, 226 P.3d at 1274. In considering a claimed abuse of discretion, [the appellate court] applies a three-factor test focusing upon: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of its discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Id.*

---

[2]    The State concedes in its brief on appeal that Stadtmiller's contention that the district court applied an incorrect standard in deciding whether to accept his *Alford* plea "appears to be well-taken."

4

Here the district court made it very clear why the court would not accept Stadtmiller's plea:

> [B]ased on what you've said, Mr. Stadtmiller, I cannot accept your plea. It doesn't qualify as an *Alford* plea. You weren't so drunk you didn't remember what you did, and you haven't admitted any guilt as far as the offense goes. . . . I can only accept the plea, number one, if you admit guilt, or number two, under certain circumstances where you're under the influence of drugs or alcohol to the point where you don't remember what happened. But you've examined the evidence and you think that a jury might find you guilty anyway. But clearly you remember everything that happened: Making a meal, doing lots of things, and you haven't admitted any guilt, and under the law I can't accept a plea of guilty if you aren't guilty . . . .
>
> . . . .
>
> I haven't heard anything so far that covers those elements and this, like I say, this isn't an *Alford* situation. You weren't drunk beyond the point where you can't remember or under the influence of drugs which you can't remember, which is what an *Alford* plea is, or head injury or something like that. But based on everything you've said you haven't indicated that you have committed any crime. So, under those circumstances, like I say, I can't accept your plea of guilty.

By determining that it categorically could not accept an *Alford* plea where the defendant does not admit guilt or was not too intoxicated by alcohol or drugs to remember the incident at issue, the district court did not act consistently with the applicable legal standards when it rejected Stadtmiller's first attempted *Alford* plea. The applicable standard is that "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Alford*, 400 U.S. at 37. As long as there is a strong factual basis for the plea (which does not necessarily have to be provided by the defendant, but may be provided by the State), and the defendant understands the charge against him, a voluntary plea of guilty may be accepted by the court despite a continuing claim by the defendant that he is innocent. *Schoger*, 148 Idaho at 628, 226 P.3d at 1275 (citing *Sparrow*, 102 Idaho at 61, 625 P.2d at 415). By limiting the use of *Alford* pleas to impaired memory cases and cases where a defendant is willing to admit wrongdoing, the district court did not act consistently with the applicable legal standard expounded by *Alford* and *Schoger*.

Where a trial court erroneously applies the law in making a discretionary decision, it falls into the realm of an abuse of discretion. *Kirkham v. 4.60 Acres*, 100 Idaho 781, 784-85, 605

P.2d 959, 962-63 (1980); *Estate of Kunzler*, 109 Idaho 350, 354-55, 707 P.2d 461, 465-66 (Ct. App. 1985).  We have noted:

> [W]hen a judge unduly narrows the scope of his discretion, by focusing upon improperly limited information, the proper appellate response is not to usurp such discretion by exercising it ourselves; rather, the proper course is to remand the case for reconsideration.

*State v. Torres*, 107 Idaho 895, 898, 693 P.2d 1097, 1100 (Ct. App. 1984); *accord Kunzler*, 109 Idaho at 355, 707 P.2d at 466; *see also Antill v. Antill*, 127 Idaho 954, 959, 908 P.2d 1261, 1266 (Ct. App. 1996) ("Where a discretionary decision is tainted by legal or factual error, the appropriate appellate response is to remand the case to the trial court for a proper exercise of discretion.").  This remedy is appropriate here.  *See United States v. Rashad*, 396 F. 3d 398, 403 (D.C. Cir. 2005) (case remanded to trial court to determine whether it would have accepted the *Alford* plea had it understood it had discretion to do so where the defendant did not admit guilt).

Furthermore, the judgment of conviction entered by the district court upon the jury's guilty verdict is not an impediment to reconsideration of the *Alford* plea in this case.  The United State Supreme Court recently provided guidance in a similar circumstance.  In *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct 1376 (2012), the Supreme Court determined that trial counsel for respondent Cooper had provided ineffective assistance by advising Cooper to reject a plea offer that allowed for the dismissal of two of four charges with a recommendation of 51-to-85 month sentences, which then led to trial and conviction on all four counts and a mandatory minimum sentence of 185-to-360 months.  The Court rejected the State's argument that a "fair trial wipes clean any deficient performance by defense counsel during plea bargaining," *id*. at ___, 132 S. Ct. at 1388, and in considering prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), the Court found that Cooper "has shown that but for counsel's deficient performance there is a reasonable probability he and the trial court would have accepted the guilty plea." *Lafler*, ___U.S. at ___, 132 S. Ct. at 1391.  Even though the Court made those "probability" findings, it allowed the trial court to exercise its discretion to determine whether the jury convictions should be vacated, stating:

> As a remedy, the District Court ordered specific performance of the original plea agreement.  The correct remedy in these circumstances, however, is to order the State to reoffer the plea agreement.  Presuming respondent accepts the offer, the state trial court can then exercise its discretion in determining whether to vacate the convictions and resentence respondent pursuant to the plea agreement, to vacate only some of the convictions and resentence respondent

accordingly, or to leave the convictions and sentence from trial undisturbed. See Mich. Ct. Rule 6.302(C)(3) (2011) ("If there is a plea agreement and its terms provide for the defendant's plea to be made in exchange for a specific sentence disposition or a prosecutorial sentence recommendation, the court may . . . reject the agreement"). Today's decision leaves open to the trial court how best to exercise that discretion in all the circumstances of the case.

*Lafler*, ___U.S. at ___, 132 S. Ct. at 1391. Thus, it is necessary to remand this case to the district court for further proceedings not inconsistent with the foregoing discussion.

**B.      Sentence Review**

As an additional issue on appeal, Stadtmiller asserts that the district court abused its discretion by imposing a unified sentence of nine years, with three years determinate because the district court failed to give adequate consideration to mitigating factors of Stadtmiller's substance abuse problems and the support of his family, resulting in an excessive sentence. We will consider this issue on the merits, notwithstanding that the case will be remanded to the district court for its discretionary opportunity to revisit the first attempted *Alford* plea. If the district court on proper exercise of its discretion rejects the *Alford* plea, then the judgment of conviction and sentence for sexual abuse of a minor child under the age of sixteen years remain in place. If, however, the district court in the proper exercise of its discretion accepts the *Alford* plea of guilty to injury to a child, then the district court, under *Lafler*, may vacate the conviction and sentence for sexual abuse of a minor and proceed with resolution of the case on the defendant's plea of guilty to the charge of injury to a child. Consequently, subject to the district court's disposition on the attempted *Alford* plea, we review the sentence claimed to be excessive by Stadtmiller on this appeal.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed

an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The record shows that the district court expressly gave appropriate consideration to the goals of sentencing, including "rehabilitation, protecting society, retribution, making the victims whole, those types of things that we're all aware of." Contrary to Stadtmiller's argument that the district court failed to adequately consider his alcohol abuse, the district court focused extensively on Stadtmiller's alcohol problem throughout the sentencing hearing. The district court commented:

> You do have a significant substance abuse problem. . . . I didn't think probation was appropriate. As far as a rider program, I'm not convinced that that's the answer either in this case. I don't think that would give you what you need to change significantly once you're out of prison. You will be out of prison eventually. It's not going to be a lifetime sentence or anything like that, so you will get out of prison. And between now and then, there will be substance abuse counseling. There will be other types of counseling, but I don't think a rider--which is a very short program. It can be anywhere from three to nine months--would give you enough help in order to get a real handle on the alcohol problem. It does appear to me based on what I heard at the trial and so forth that what happened that night was probably somewhat influenced, if not entirely influenced, by the alcohol consumption. But, it is my opinion that a sentence in this case should include incarceration at the State Board of Correction. I'm not convinced that it has to be an extremely long period of time since there were no prior incidents, and since it is--everything seems to revolve around alcohol I think those can be addressed with the appropriate sentence.

Stadtmiller also contends that the district court did not adequately consider the support from his family and the support he has given to his family. The familial support for Stadtmiller was evidenced by a letter from Stadtmiller's sister, requesting that Stadtmiller not be incarcerated because she herself had been given a shortened life expectancy and because their eighty-two-year-old mother was in failing health. The district court read the letter and presumably considered the sister's concerns when the court reached its decision that protection of society was paramount. It likewise does not appear that the district court failed to take into account Stadtmiller's testimony at sentencing that he provided support to his sister in times of need. The record shows that the district court also considered the presentence report, K.E's trial

testimony and statement provided to the presentence investigator, and the psychosexual evaluation, which indicated that Stadtmiller has a difficult time conforming his behaviors to societal expectations, acts impulsively, and is in the moderate range for sexually re-offending. Stadtmiller's criminal record included at least eighteen prior criminal convictions, two of which were felonies. Our independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest, leads us to conclude that the district court did not abuse its sentencing discretion.

## III.
## CONCLUSION

The district court abused its discretion by rejecting on improper grounds Stadtmiller's attempted *Alford* plea to the felony charge of injury to a child. The district court's decision in that regard is set aside and the case is remanded for the district court to reconsider Stadtmiller's tendered *Alford* plea. Subject to the district court's reconsideration of the attempted *Alford* plea of guilty to felony injury to a child, the unified sentence of nine years, with three years determinate, for sexual abuse of a minor under the age of sixteen years is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**