808 P.2d 426

**Charles VANNATTER,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 18268.

Court of Appeals of Idaho.

March 25, 1991.

Alan E. Trimming, Ada County Public Defender and Timothy L. Hansen, Deputy Public Defender, argued, for petitioner-appellant.

Jim Jones, Atty. Gen. and Robert R. Gates, Deputy Atty. Gen., argued, for respondent.

SWANSTROM, Judge.

Charles Vannatter, an inmate at the Idaho State Correctional Institution (ISCI), appeals from a district court decision upholding a magistrate's order dismissing his petition for a writ of habeas corpus. The principal issue on appeal is whether Vannatter has been denied adequate medical care, resulting in cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution. As a subsidiary issue, Vannatter contends the magistrate erred in awarding attorney fees to the state upon denial of Vannatter's petition for habeas corpus relief. For reasons explained below, we affirm the district court's decision upholding dismissal of the petition, but we reverse the award of attorney fees.

On November 7, 1986, Vannatter was examined by a physician's assistant at the ISCI for a lesion on his left lower leg.

Vannatter first noticed the lesion in June, 1986, however, he did not seek medical attention because the lesion did not appear to be serious. Once the wound started to grow and become painful, it became apparent to Vannatter that he needed medical attention. During Vannatter's first medical visit, the physician's assistant prescribed an antibiotic to treat the lesion. Vannatter was directed to take three tablets daily for approximately ten to fifteen days. Vannatter complied with these instructions. Ten days later, Vannatter noticed that the lesion had grown larger and had become more painful. He was again seen by a physician's assistant. This time, he received an even stronger dose of the same medication. Following a second visit, Vannatter complained that the pain persisted, but that the lesion had stopped growing. Vannatter submitted another medical request to see a physician, however, this time he received no response from the prison's medical staff. On March 23, 1987, Vannatter filed a petition for a writ of habeas corpus, contending that the medical staff at the ISCI had provided him with inadequate medical care.

Vannatter was seen by the prison's physician on April 15, 1987. After examining the lesion and reviewing the records of his medical staff, the doctor concluded that the infection had been treated with the appropriate medication. He also noted that the lesion, diagnosed as cellulitis, had healed properly, and that no further medical care was necessary.

In July, 1987, the magistrate denied the petition Vannatter had filed in March because she found that Vannatter failed to show that the medical staff had acted with deliberate indifference toward his medical needs. In addition, the magistrate awarded the state attorney fees under I.C. § 12–122, finding that the petition had been brought frivolously. Vannatter appealed and the district court reversed the magistrate's order, remanding the case for an evidentiary hearing. Following the hearing, the magistrate reaffirmed her prior decision, including the award of attorney fees to the state. Vannatter appealed again. This time the district court upheld the magistrate's order, and this appeal followed.

When Vannatter filed his petition in March, 1987, he alleged that the lesion caused pain, itching and discomfort most of the time. He asserted that the prison's medical staff showed a deliberate indifference toward his medical needs. However, by the time he finally received an evidentiary hearing in October, 1988, Vannatter was more concerned that the lesion might be cancerous. At the hearing, Vannatter sought only a second medical opinion. In order to prevail on a habeas corpus petition, on the grounds of constitutionally inadequate medical care, Vannatter must prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Moreover, he must show that his claim is based on more than his own lay disagreement with the treating physician regarding the appropriateness of his medical care. *Id.; Cooper v. State*, 97 Idaho 781, 554 P.2d 959 (1976). Here, the testimony at the evidentiary hearing precludes any need for a second medical opinion. The attending physician testified that when he examined the lesion, all problems with the leg were completely resolved, but there remained some discolored pigmentation of the skin where the cellulitis had occurred. However, the doctor did diagnose and treat two other skin diseases, ringworm and eczema. No further medical attention was recommended by the physician.

Despite the doctor's medical opinion, Vannatter asserts that the physician should have taken x-rays of the lesion or a biopsy of the tissue in order to determine whether the lesion was cancerous. However, the doctor testified that a tumor would not show up on an x-ray because the lesion and the tissue surrounding the lesion were of the same density. He also stated that the risks outweighed the benefits of doing a biopsy of the lesion. The risks included an increased potential for infection and cosmetic problems. The doctor ex-

plained that the benefits were limited because cancerous tumors were rarely associated with this type of lesion.

No evidence was presented by Vannatter challenging the ability or qualifications of the physician or his medical staff.

> Absent reason for doubt as to the professional qualifications or abilities of a treating physician, state officials are entitled to rely upon the physician's recommendations.

*Clemens v. State*, 112 Idaho 638, 640, 733 P.2d 1263, 1265 (Ct.App.1987). Vannatter's criticism of the medical staff merely represents his own lay disagreement as to the proper medical procedures which should have been performed on him. The failure to perform these additional tests falls far short of the constitutional requirement that he show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Gamble, supra*. In addition, while we acknowledge that there are times when a second medical opinion is appropriate, on the individualized facts before us, a constitutional right to a second medical opinion has not been established. *Clemens v. State, supra.*

We now turn to the ancillary issue raised on appeal. Vannatter contends that the magistrate erred by awarding the state attorney fees upon finding that his petition was frivolous. On the other hand, if we conclude that the state is entitled to attorney fees, Vannatter insists that the hourly rate of the fees should be limited to the hourly rate of the deputy attorney general who handled the case rather than the hourly rate charged by a private firm. Vannatter also asserts that I.C. § 12–122 violates equal protection because it applies only to habeas corpus petitioners who are inmates. Because we hold that the petition was not brought frivolously, we need not address the latter two issues raised on appeal.

Idaho Code § 12–122 provides that the trial judge shall award attorney fees to the respondent whenever a habeas corpus petition is brought frivolously by a state penitentiary or county jail inmate. The determination as to whether a petition is frivolous rests in the sound discretion of the trial court. *Werlinger v. State*, 117 Idaho 47, 785 P.2d 172 (Ct.App.1990). Under the statute, a petition will be deemed frivolous if the claim has no basis in fact or, even if the factual allegations are true, they do not, as a matter of law, justify any relief to the petitioner. I.C. § 12–122.

In the present case, we believe that the petition had a basis in fact at the time it was filed. Before the petition was filed, Vannatter complained that the lesion caused pain, itchiness and discomfort, and he insisted on being examined by a physician. However, it was not until after the petition had been filed that he was able to have the lesion examined by a doctor. Vannatter's request for a second medical opinion did not occur until the close of the evidentiary hearing. Prior to this time, Vannatter was still seeking medical assistance from the prison's medical staff. Because we conclude that Vannatter did obtain some of the relief which he requested, we hold that the petition had a basis in fact at the time it was filed.

Despite this conclusion, we must nevertheless determine whether this petition, as a matter of law, justified any relief to the petitioner.

> We have held that where, as here, questions of law are raised, the nonprevailing party's position is not automatically frivolous simply because the court is unpersuaded. Rather, the test is whether the nonprevailing party's position is plainly fallacious and, therefore, not fairly debatable.

117 Idaho at 50, 785 P.2d at 175. In retrospect, we are not convinced that Vannatter's position is plainly fallacious. Vannatter's initial request to see a physician may indeed have been justified under the circumstances. In addition, Vannatter's need for a second medical opinion raised a material issue of law that was fairly debatable and which had not yet been settled by supreme court decision in this state. *See, e.g., Clemens v. State, supra* (under certain circumstances, a petitioner may have a right to a second opinion). Accordingly, we

hold that the petition was not brought frivolously.

We affirm that part of the district court's decision upholding the magistrate's order dismissing the petition. However, we reverse that part of the decision which upholds the magistrate's award of attorney fees. No costs or attorney fees awarded on appeal.

WALTERS, C.J., and McQUADE, J., Pro Tem., concur.