In re George L. READER and Marsha F. Reader, Debtors.

Robert SACKS and Clive Pusey, Plaintiffs,

v.

George L. READER and Marsha F. Reader, Defendants.

Bankruptcy No. 90–01972.
Adv. No. 90–6037.

United States Bankruptcy Court, D. Idaho.

June 16, 1995.

632

Robert Felton, Salt Lake City, UT, and Douglas Merkley, Pocatello, ID, for plaintiffs.

William H. Mulberry, Ririe, ID, for defendants.

Craig W. Christensen, Pocatello, ID, for Trustee L.D. Fitzgerald.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

*Background.*

This is a dischargeability action. The matter is before the Court for disposition of Plaintiff Sacks' Motion for Summary Judgment. From the pleadings and record, the following appears.

Years ago, Plaintiffs Robert Sacks and Clive Pusey loaned Defendants money. In November, 1985, Defendants filed for Chapter 11 relief in Utah. The bankruptcy case was converted to a Chapter 7 case in July, 1986 with no plan having been confirmed. The case was thereafter dismissed in August, 1986. Shortly thereafter, Defendants formed a corporation called Luke's Island, Inc., issuing the stock to themselves and their children. Defendants then transferred various assets to the corporation, and the corporation also made transfers for Defendants' benefit. In particular, it appears that Defendants transferred their real estate to the corporation, although they apparently remained in possession of the property. Thereafter, in 1988, Sacks and Pusey recovered a judgment against Defendants.

Defendants filed for Chapter 7 relief in this Court in June, 1990. Sacks and Pusey as Plaintiffs filed the present adversary against Defendants seeking to except their judgment claim from discharge under Section 523(a) and to deny Defendants a discharge under Section 727(a). Sacks and Pusey had persuaded this Court to grant them stay relief to pursue a fraudulent conveyance action against Defendants and others in state court to set aside the Defendants' transfers of property.[1] This adversary proceeding has been on hold pending the outcome of the state action.

A jury trial was held in state court, finally, in September, 1994. The jury found in their verdict that Luke's Island, Inc. was the alter ego of the Defendants, and that a variety of asset transfers to the corporation by Defendants, and by the corporation for Defendants' benefit, were fraudulently made and recover-

---

**1.** This fraudulent conveyance action was prosecuted with the knowledge and consent of the Chapter 7 trustee. The Court understands that Plaintiff Sacks agrees any rights under the state court judgment are held for the benefit of the bankruptcy estate.

able. A judgment has been entered in the state court, which Defendants have appealed. The judgment has not been stayed by the state court, however.

Plaintiff Sacks[2] now seeks a summary judgment arguing that the state court judgment collaterally estops Defendants as to the issues in this adversary proceeding. Defendants disagree. For the reasons explained below, since the Court finds there remain genuine issues of material fact, summary judgment is not appropriate and Plaintiff's motion must be denied.

### 1. *Standard for Summary Judgment.*

Summary judgment is appropriate only if, viewing the evidence in light most favorably to the non-moving party, no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. F.R.B.P. 7056; F.R.C.P. 56(c); *State Farm Mutual Auto. Ins. Co. v. Davis,* 7 F.3d 180, 182 (9th Cir.1993); *In re Permann,* 94 I.B.C.R. 208, 209, 174 B.R. 129 (Bkrtcy.D.Idaho 1994).

### 2. *Collateral Estoppel.*

■ A valid state court judgment must be afforded collateral estoppel effect in dischargeability actions in bankruptcy. *Grogan v. Garner,* 498 U.S. 279, 284, 111 S.Ct. 654, 658–659, 112 L.Ed.2d 755 (1991). Federal courts should give a state court judgment the same preclusive effect as it would be given by the courts of the state rendering the judgment. 28 U.S.C. § 1738; *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982); *In re Koski,* 92 I.B.C.R. 157, 157, 144 B.R. 486 (Bkrtcy.D.Idaho 1992). In Idaho, five elements are required to collaterally estop a party by virtue of a prior judgment:

(1) Did the party "against whom the earlier decision is asserted . . . have a 'full and fair opportunity to litigate that issue in the earlier case?' " . . . (2) Was the issue decided in the prior litigation "identical with the one presented in the action in question?" (3) Was the issue actually decided

in the prior litigation? (4) "Was there a final judgment on the merits?" (5) "Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?"

*Anderson v. City of Pocatello,* 112 Idaho 176, 183, 731 P.2d 171, 178–79 (1986).

■ Defendants argue that the judgment obtained by Plaintiff in state court in this case is not a "final judgment" because there is an appeal from the judgment pending, and therefore the judgment is not entitled to preclusive effect here. This contention is incorrect.

This issue has been presented, but apparently never decided by the Idaho appellate courts. However, the Idaho Supreme Court in *Diamond v. Farmers Group, Inc.,* 119 Idaho 146, 804 P.2d 319 (1990), noted that it is appropriate to consider relevant sections of RESTATEMENT OF JUDGMENTS (SECOND) (1982) for guidance in deciding questions concerning the binding effect of judgments in other actions. The Restatement, at § 13, comment f, takes the position that the pendency of an appeal should not deprive a judgment of *res judicata* effect.

Thereafter, the Idaho Court of Appeals in *Gilbert v. State,* 119 Idaho 684, 686, 809 P.2d 1163, 1165 (Ct.App.1991), was presented with this issue of whether a judgment on appeal could be given collateral estoppel effect. *Citing Diamond,* the Court discussed Section 13 of the Restatement. However, it did not ultimately determine if the Restatement rule should be adopted in Idaho because the appeal from the judgment in the other action was dismissed before the Court of Appeals rendered its opinion. After reviewing the case law, though, it appears to this Court that the Idaho courts would rely on the Restatement in this context, and that a judgment on appeal would be entitled to *res judicata* effect.

The Ninth Circuit case law is consistent with this conclusion: "the established rule in the federal courts is that a final judgment

---

**2.** Sacks represents that he has acquired Pusey's interest in their judgment and claim, and that Pusey therefore will not be involved in this action. While there is nothing in the written rec-
ord establishing such, and while Pusey remains a named party, the Court will assume Sacks' representations are correct.

retains all of its res judicata consequences pending decision of the appeal." *Tripati v. Henman,* 857 F.2d 1366, 1367 (9th Cir.1988) *citing* 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4433, at 308 (1981); *Robi v. Five Platters, Inc.,* 838 F.2d 318, 327 (9th Cir.1988). At least one bankruptcy court agrees: "The fact that a challenge to [a] judgment was pending on appeal prepetition does not deprive the judgment of finality for purposes of claim preclusion." *In re Highway Truck Drivers and Helpers,* Local 107, 100 B.R. 209, 213 (Bankr. E.D.Pa.1989).

This Court is therefore confident the rule should be applicable under these facts. Assuming the other elements required for application of the doctrine are present, the state court judgment here would be entitled to collateral estoppel effect in this case as a "final judgment" even though an appeal is pending in the Idaho courts.

3. *Section 727(a)(2)(A).*

▮▮▮ Plaintiff asserts that the state court judgment provides a basis for objecting to Defendants' right to a discharge under Section 727(a)(2)(A). That statute provides that:

(a) The court shall grant the debtor a discharge, unless

(2) the debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition;

11 U.S.C. § 727(a)(2)(A). This section is to be construed liberally in favor of the debtor. *In re Devers,* 759 F.2d 751, 754 (9th Cir. 1985).

Defendants point out that the alleged transfers all took place well outside the one year prior to the filing of Defendants' Chapter 7 petition in Idaho. They did not attempt to conceal these transfers. There is no evidence in the record to suggest otherwise.

However, Plaintiff argues that the statute also prohibits the wrongful concealment of property, and that Defendants concealed their retention of the beneficial interest in the properties transferred to the corporation. Plaintiff asserts the judicially-created doctrine of continuing concealment is applicable in this case to deny discharge to Defendants as to those transfers that occurred prior to one year before filing.

▮▮▮ While "[u]nder § 727(a), a relevant concealment can occur only if property of the debtor is concealed ...", *Rosen v. Bezner,* 996 F.2d 1527, 1531 (3rd Cir.1993), "[c]oncealing property for purposes of section 727(a)(2)(A) can be accomplished by a transfer of title coupled with the retention of the benefits of ownership." *In re Olivier,* 819 F.2d 550, 553 (5th Cir.1987). It is the continued concealment of this beneficial interest in the asset transferred with the requisite fraudulent intent within a year of the bankruptcy filing which constitutes an act within the reach of Section 727(a)(2)(A). *Id.* at 555. "What is critical under the concealment provision of § 727(a) is whether there is concealment of property, not whether there is concealment of a transfer." *Rosen,* 996 F.2d at 1532. The party objecting to discharge must also prove an improper subjective intent to hinder or defraud creditors during the year before bankruptcy in order to prevail. *Id.* at 1533. Therefore, regardless of when the transfers of property occurred, because Plaintiffs contend the Defendants fraudulently concealed the fact that they retained a beneficial interest in the transferred property, and because such concealment allegedly continued through the bankruptcy filing, Section 727(a)(2)(A) may prevent discharge.

Having recognized these rules of law, though, Plaintiff has not proven his case on this record. Neither the issue of whether Defendants retained a concealed interest in the transferred property and whether they had the sufficient subjective intent to hinder or defraud creditors within the year preceding bankruptcy for purposes of Section 727(a) were decided in the state court litigation. Both issues present questions of fact unresolved at this point. Summary judgment on this theory would therefore not be proper.

### 4. *Section 727(a)(4).*

 Plaintiff next contends that because Defendants claimed a homestead exemption in their bankruptcy schedules on property the state court found they had fraudulently conveyed away, Defendants made a false oath which would prohibit discharge. Section 727(a)(4)(A) prevents discharge where a debtor knowingly and fraudulently makes a false oath or account. 11 U.S.C. § 727(a)(4)(A). False statements in the bankruptcy schedules, knowingly and fraudulently made, qualify as a false oath under this statute. *In re Beaubouef,* 966 F.2d 174, 177 (5th Cir.1992); *In re Chalik,* 748 F.2d 616, 618 n. 3 (11th Cir.1984); *In re Aboukhater,* 165 B.R. 904, 910 (9th Cir. BAP 1994).

Once again, however, while the state court judgment establishes that the property claimed exempt by Defendants was fraudulently conveyed by them to Luke's Island, Inc., there are unresolved fact issues as to whether Defendants' exemption claim constitutes a knowing and fraudulent false oath.

### 5. *Section 523(a)(6).*

 Plaintiff also seeks to except its debt from discharge under Section 523(a)(6) which protects debts for willful and malicious injury by the debtor to another entity or to the property of another entity. 11 U.S.C. § 523(a)(6). While Defendants' transfers of property may have been made to defraud creditors, including Plaintiff, the statute makes it clear that it is *debts* for willful and malicious injury by the debtor that are not discharged. In the present case the debt owed to Plaintiff did not result from a willful and malicious tort by the Defendants. The debt arose from a loan or loans.

This Court held in *In re Mills,* 94 I.B.C.R. 36, 37–38, that the debtor's acts must result in a willful and malicious injury to the creditor separate and apart from any resulting harm to the debtor's other creditors. The Defendants' transfers in this case caused harm to all their creditors, not just Plaintiffs, by depleting the assets available to satisfy claims. If Section 523(a)(6) protects Plaintiff, it would likewise except from discharge all debts of Defendants existing at that time.

While such transfers may be avoidable, and while the transfers may prevent discharge under Section 727(a)(2) discussed above, this result is not what Congress envisioned when it enacted section 523(a)(6).

*Conclusion.*

For all the reasons stated above, Plaintiffs' Motion for Summary Judgment must be denied, and the action should proceed to trial. Separate orders will be entered.

### ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Based upon the Court's Memorandum of Decision entered herewith and for other good cause appearing,

IT IS HEREBY ORDERED That Plaintiffs' Motion for Summary Judgment be and is hereby DENIED.